**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

**ROBERT D. GREER**                                                                                         **PLAINTIFF**

**V.**                            **CASE NO.  3:06CV00196 BD**

**MICHAEL J. ASTRUE,**
**Commissioner,**
**Social Security Administration**                                                      **DEFENDANT**

**ORDER**

Plaintiff has moved for an award of attorney's fees and costs (#16) under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  He requests fees in the amount of $2572.50 and expenses in the amount of $17.31.  The Commissioner has responded to the fee request (# 19).  He does not object to some award of attorney's fees or to the hourly rate requested by Plaintiff.  The Commissioner does object, however, to the total hours billed.  The Commissioner contends that the practice of billing in quarter-hour increments artificially inflated the total hours expended in this case.

Under 28 U.S.C. § 2412(d)(1)(A), the court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified.  Counsel has requested compensation for 20.58 hours of work at a rate of $125.00 per hour.[1]  The Commissioner argues that the issues involved in the case were not complex or novel, and that the number of hours expended by Plaintiff's

---

[1] The Commissioner notes that Plaintiff's itemized billing statement reflects a total of 20.50 hours billed, not 20.58.

counsel on the case was excessive under the circumstances. The Commissioner also contends that several hours for which Plaintiff seeks fees were spent performing administrative tasks. The Commissioner requests that the Court reduce Plaintiff's billable hours by twenty-five percent, to 15.375 hours. In the alternative, the Commissioner asks the Court to exclude time billed for administrative tasks and award compensation for no more than 17 billable hours.

The Court has reviewed the time records and agrees that an award of 20.58 hours is excessive given that time spent performing administrative tasks is not compensable under the EAJA, and because the issues involved in the case were not complex or novel. See *Bowman v. Secretary of H.H.S.*, 744 F. Supp 898, 899 (E.D.Ark. 1989); *Granville House, Inc. v. Dep't. of HEW*, 813 F.2d 881, 884 (8th Cir. 1987) (work which can be completed by support staff is not compensable under the EAJA). In addition, Plaintiff's practice of billing in quarter-hour increments unreasonably inflated the total hours billed. The Court must subtract time spent in purely administrative tasks and will reduce hours expended, to some extent. The Court will allow compensation for review of quasi-administrative tasks.

The appropriate EAJA fee award in this case is for 18 hours at a rate of $125.00 per hour, for a total of $2,250.00. The Commissioner does not dispute the propriety of awarding Plaintiff costs of $17.31, and the Court finds this was a reasonable expense.

Accordingly, the Court GRANTS Plaintiff's application for attorney's fees under the Equal Access to Justice Act (#16) and hereby awards $2,250.00 in fees and $17.31 in costs.

IT IS SO ORDERED, this 28th day of January, 2008.

_____
UNITED STATES MAGISTRATE JUDGE